## JOSEPH B. RUNDLETT *vs.* CHARLES WEEBER.

With a writ containing two counts in contract, one for the balance found due to the plaintiff by the parties on accounting together, and the other for a like sum for goods sold, and laying the damages at a less amount than the two sums added together, the plaintiff filed a bill of particulars, not in terms confined to either count, charging the defendant with a number of items of goods, mostly intoxicating liquors in less quantities than the law allowed to be sold without license; and the defendant answered that the goods alleged to have been sold were intoxicating liquors sold without license. *Held,* that the plaintiff was not entitled to judgment on the first count for want of an answer.

Where the plaintiff, under a count for goods sold, files a bill of particulars, charging the defendant with many items, some of which are for goods unlawfully sold, and crediting him with payments made by the defendant generally, and applied by the plaintiff to the unlawful items, the defendant cannot, under an answer denying his liability on the single ground that all the goods were sold in violation of law, dispute this appropriation of payments.

ACTION OF CONTRACT, commenced at April term 1853 of the court of common pleas. The declaration contained two counts, the first for $139.93 " for the balance found due to the plaintiff by the parties on accounting together," and the second for " a like sum of one hundred and thirty nine dollars and ninety three

cents for goods sold by the plaintiff to the defendant." The *ad damnum* was $200. The plaintiff filed with his writ a bill of particulars, not confined in terms to either count, in which he charged the defendant, under various dates in 1851, with twenty items, amounting to $171.93, seventeen of which, to the amount of $98.68, were spirituous and intoxicating liquors in quantities less than twenty eight gallons; and credited him with $32 paid " on account of the above indebtedness," and appropriated by the plaintiff towards paying the items last named. Answer, " that said defendant is not liable to said plaintiff, because said goods alleged to have been sold by said plaintiff to said defendant consisted of spirituous and intoxicating liquors, and said plaintiff was not duly licensed to sell the same." At the same term the parties submitted the case to the decision of the court of common pleas upon these pleadings, and a certificate of the city clerk that the plaintiff had no license, at the time in question, to sell intoxicating liquors. That court gave judgment for the plaintiff for $73.25, the amount of the three items which appeared by the bill of particulars to have been lawfully sold; and both parties appealed.

*H. Gray, Jr.* for the plaintiff. 1. The defendant has answered only the count for goods sold; and said nothing to the first count. The plaintiff, having at the same term, without replying or demurring, submitted the case to the judgment of the court, is entitled to judgment upon that count. Steph. Pl. (1st Amer. ed.) 233. *Vincent* v. *Beston,* 1 Ld. Raym. 716. *Market* v. *Johnson,* 1 Salk. 180. *Parker* v. *Parker,* 17 Pick. 240, 241. *Hogan* v. *Ross,* 13 How. 173. The practice act expressly requires that " the answer shall deny, in clear and precise terms, every fact intended to be denied, in each count of the declaration separately;" and that any substantive fact, alleged with substantial precision and certainty, and not so denied, shall be deemed to be admitted. *St.* 1852, *c.* 312, §§ 14, 15, 18, 26. *Granger* v. *Ilsley,* 2 Gray, 521.

The bill of particulars must be applied to the second count only, as the first count is of itself a sufficient bill of particulars. But whether this be so or not, the debt or consideration need

not be stated, and cannot be inquired into, in *insimul computas-sent. Dawson* v. *Remnant,* 6 Esp. R. 24. *Bartlett* v. *Emery,* 1 T. R. 42, *note. Foster* v. *Allanson,* 2 T. R. 482, 483. And in either view, the defendant cannot avail himself either of the statements in the bill, or of the want of a bill, to defeat a count which he has not answered. And the objection of the want of a declaration or bill of particulars must be taken before answering to the merits. *Clark* v. *Montague,* 1 Gray, 446.

2. If the court shall hold that the plaintiff is entitled to judgment for the whole amount claimed in the first count, he will waive his right to recover any thing on the second count. Otherwise, he will contend that the judgment of the court of common pleas, for the full amount of the three lawful items, is correct; for the appropriation of payments, as appearing on the bill, not having been disputed in the answer, is not now open. *St.* 1852, *c.* 312, §§ 14, 15, 18. *Granger* v. *Ilsley,* 2 Gray, 521. *Green* v. *Smithies,* 1 Ad. & El. N. R. 796, and 1 Gale & Dav. 395.

*A. O. Allen,* for the defendant. 1. The plaintiff, not having been duly licensed, cannot recover for those items in his bill of particulars which purport to be spirituous and intoxicating liquors sold in less quantities than twenty eight gallons. Rev. Sts. *c.* 47, § 3. *St.* 1850, *c.* 232, § 1. *Wheeler* v. *Russell,* 17 Mass. 258. *Browne* v. *Hilton,* 23 Pick. 320. *Dixie* v. *Abbott,* 7 Cush. 610. The practice act requires that "in actions of contract, when either of the common counts is used, the plaintiff shall file a bill of particulars with his writ, when the action shall be entered;" *St.* 1852, *c.* 312, § 4; and *insimul computassent* is one of the common counts. 1 Chit. Pl. (6th Amer. ed.) 374. Forms annexed to *St.* 1852, *c.* 312. This bill of particulars was filed generally, and is to be applied to both counts, and so shows that they are both for goods sold, most of them unlawfully, and therefore the answer is sufficient to both. Otherwise, the first count would be defective, for want of a bill of particulars.

2. The payments by the defendant being general, the plaintiff had no right to appropriate them to the illegal sales. *Wright* v. *Laing,* 3 B. & C. 165. *Lamprell* v. *Billericay Union,* 3 Exch. 307. *Rohan* v. *Hanson,* 11 Cush. 44.

DEWEY, J. This is an action of contract, in which the plaintiff set forth his demand in two counts ; and at the return term filed a bill of particulars, with nothing on its face to apply it to either count in particular.. The answer, like the bill of particulars, is general, and does not in direct terms apply to either count. The court of common pleas gave judgment for the plaintiff for the amount of the goods which appeared by the bill of particulars to have been lawfully sold, and held that the plaintiff was not entitled to recover beyond these three items. The question upon the appeal is whether this ruling was right.

1. The ground taken by the plaintiff is that, as no answer has been filed to the demand set forth in the first count, he is entitled to judgment thereon for the whole sum claimed, to wit, $139.93. As the plaintiff treats these counts as separate counts, and as he clearly has the right to recover $73.25 on the second count, the result would be that the plaintiff would be entitled to recover much more than the whole sum claimed as damages in his writ, or than is really his due, as we understand to be conceded. To remove this objection, however, and to manifest that he would avail himself of his supposed legal advantages resulting from the defect in the answer only to meet the defence under the statute, he now suggests he will release all beyond $139.93.

But the question is, whether the plaintiff is well sustained in the position that no answer has been filed to the first count. It is urged that it is so, because the answer speaks only of " goods alleged to have been sold by said plaintiff to said defendant." The answer is general as to its application, and specifies no particular count to which it professes to be an answer, and, as the defendant contends, is as extensive as the claim.

But it is said by the plaintiff that the bill of particulars, specifying certain articles sold, must apply exclusively to the second count, inasmuch as a bill of particulars is not required to be filed under a count in *insimul computassent*, as the debt or consideration need not be stated, the ground of action being the accounting together. As a general principle, this is certainly true, though by the new practice act, *St.* 1852, *c.* 312, § 4, under which this action was commenced, bills of particulars are

required under all the common counts ; and among the common counts, set forth in the forms annexed to the act, *insimul compu-tassent* is one. It may be true that a bill of particulars under this count would not necessarily give the items of the indebtedness, and that the items of the dealings between the parties need not be shown in proof on the trial on such a count. But we perceive no objection to a bill of particulars stating all the items of the indebtedness, and showing the basis of the alleged indebtedness on the *insimul computassent,* if the plaintiff elects to file such bill of particulars.

However this may be, the question recurs upon the precise state of the facts found here, whether the defendant ought to be wholly deprived of his defence to the first count, and judgment rendered against him for the whole amount thereof, for want of an answer. The plaintiff did not in terms apply his bill of particulars to the second count exclusively. If it be thus limited, it is wholly by reason of the fact that it is composed of items of goods sold and delivered, and is therefore more appropriate to the second count. This may be so ; but when the plaintiff seeks an advantage by holding his adversary to strict rules of pleading, he must not object to being met with like strictness as to his own pleadings. The plaintiff, by filing a bill of particulars, not applied in terms to either count, might well lead the defendant to adopt a like general mode of making his answer, and yet intending it as applicable to the whole claim.

If the plaintiff had filed an additional bill of particulars, specially applicable to the first count, or if he had in direct terms applied the bill of particulars filed, to the second count exclusively, then the defendant would have been bound specifically to answer both counts ; and the omission to answer one might furnish a ground for asking judgment upon the count not answered. But the plaintiff having filed one bill of particulars, which on its face did not refer to any particular count; the two counts exactly corresponding in amounts claimed and times stated ; and the *ad damnum* being a sum quite too small to be adapted to the claim of the plaintiff, if the two counts were really for

separate causes of action; under these circumstances, an answer broad enough to deny all liability for the goods set forth in the bill of particulars may be properly held to be an answer to and a denial of the whole claim of the plaintiff. It is proper to add that the opinion above expressed is that of a majority of the court.

2. The objection made by the defendant, to the application of the money paid, cannot avail him. The payments and the appropriation of them were stated in the bill of particulars, and the answer raised no question as to the appropriation of these payments. *Judgment affirmed.*